UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE A. SMALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00660-TWP-KMB |
| | ) |
| CHRISTIAN EDWARD REDMOND, | ) |
| NICHOLAS JAMES ORMES, | ) |
| STATE OF INDIANA, | ) |
| CELITA LYNN SCOTT, | ) |
| JENNIFER ANNE WEILER, | ) |
| | ) |
| Defendants. | ) |

**ORDER STAYING PROCEEDINGS PENDING RESTORATION OF COMPETENCY**

It has come to the Courts attention that *pro se* Plaintiff George Small has been found incompetent to stand trial by Marion Superior Court 7 in his pending state criminal cases and has been committed to the Indiana Division of Mental Health and Addiction for restoration services at Richmond State Hospital pursuant to Ind. Code § 35-36-3-1. *See* Indiana Cause No. 49D07-2405-F5-014490, case summary available at mycase.in.gov (listing related misdemeanor cases and noting determination of incompetency on December 13, 2024). The Court takes judicial notice that an attorney conference is scheduled for March 24, 2026.

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The Seventh Circuit Court of Appeals has described legal competency as a "threshold issue" that must be resolved before adjudicating other aspects of the lawsuit. *See Yoder v. Patla*, 2000 WL 1225476, *2 (7th Cir. 2000) (addressing competency before venue issue) (citing *T.W. and M.S. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997)). Courts must assess a

litigant's competency when a party moves for the appointment of a guardian ad litem or when there is verifiable evidence of incompetency. *See U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (report from the Social Security Administration that defendant in a lawsuit was mentally disabled required the court to assess his competency *sua sponte*); *Yoder*, 2000 WL 1225476, at *2 (motion claiming that an Illinois county had declared the plaintiff legally disabled "should have apprised the district court of [his condition]" and triggered competency proceedings).

In this case, the finding by Marion Superior Court 7 that Mr. Small is not competent to stand trial in his state criminal cases puts this Court on notice that he may not be competent to proceed in this lawsuit at this time. The Court will not interrupt Mr. Small's treatment at Richmond State Hospital to conduct additional competency proceedings. Instead, the Court will assess Mr. Small's competency to proceed in this lawsuit after he has completed his restoration services at Richmond State Hospital. Until that time, the proceedings in this case are hereby **STAYED**.

**Mr. Small may not file any additional motions in this lawsuit until after he completes restoration services at Richmond State Hospital and the Court assesses his competency.** Any motions Mr. Small files before his competency is restored will be summarily denied without prejudice. However, Mr. Small should file a Status Report upon his completion of restoration services at Richmond State Hospital and a Notice of Change of Address upon his transfer back to Marion County Jail.

The Court will also periodically monitor the online docket in Mr. Small's state criminal cases to stay apprised of his location and condition.

**SO ORDERED**.

Date: February 26, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

GEORGE A. SMALL
498 NW 18th St.
Richmond, IN 47374